**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 13-7721

MARCUS RANDALL BROWN,

                  Petitioner - Appellant,

          v.

ROY COOPER,

                  Respondent - Appellee.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Robert J. Conrad, Jr., District Judge.  (5:13-cv-00074-RJC)

Submitted:  December 19, 2013        Decided:  December 24, 2013

Before SHEDD, DAVIS, and FLOYD, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

Marcus Randall Brown, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marcus Randall Brown filed a petition under 28 U.S.C. § 1651(a) (2006) for a writ of error coram nobis and a motion to appoint counsel in the United States District Court for the Eastern District of North Carolina. In the petition, Brown sought to set aside his 1996 North Carolina state convictions for possession of implements of housebreaking and presence in a building with intent to commit a felony. The Eastern District of North Carolina transferred the petition to the United States District Court for the Western District of North Carolina, the district court below.

On July 10, 2013, the district court entered an order denying the motion to appoint counsel, denying the petition for a writ of error coram nobis on the basis that federal district courts lack the authority to issue writs of error coram nobis to set aside state convictions, and closing the case. Within the twenty-eight-day period prescribed by Fed. R. Civ. P. 59(e) for filing motions to alter or amend judgment, Brown moved the district court to reconsider its conclusion in the July 10 order regarding its authority to grant coram nobis relief or, alternatively, to construe his challenges to the 1996 convictions as being presented through a petition for a writ of habeas corpus under 28 U.S.C. § 2254 (2006). The district court denied the motion in part and granted the motion in part—denying

2

reconsideration of the July 10 order but construing Brown's coram nobis claims as arising under 28 U.S.C. § 2254—and denied relief on the § 2254 petition by order entered on October 4, 2013. Brown timely appealed the October 4 order.

On appeal, we confine our review to the issues raised in the Appellant's brief. See 4th Cir. R. 34(b). Because Brown's informal brief does not challenge the July 10 order or the district court's ruling in the October 4 order denying reconsideration, Brown has forfeited appellate review of that order and ruling. We therefore grant leave to proceed in forma pauperis and affirm that order and ruling.

With respect to the ruling in the October 4 order denying § 2254 relief, that ruling is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A) (2006). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the

3

dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484-85.

We have independently reviewed the record and conclude that Brown has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal of that portion of the October 4 order denying § 2254 relief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART

4